# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 10, 2009 Session

## STATE OF TENNESSEE v. CLAUDE PHILLIPS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 06-09192      Chris Craft, Judge**

---

**No. W2008-02810-CCA-R3-CD  - Filed July 7, 2010**

---

The defendant, Claude Phillips, appeals from his convictions of aggravated robbery, a Class B felony, and aggravated assault, a Class C felony.  He was sentenced to twenty years as a Range II, multiple offender for his aggravated robbery conviction and to a consecutive sentence of fifteen years as a Range III, persistent offender for his aggravated assault conviction.  On appeal, he argues that the evidence was insufficient to support either conviction and that he was improperly sentenced.  After careful review, we affirm the judgments from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J.C. MCLIN, JJ., joined.

Robert Wilson Jones, District Public Defender, and Barry W. Kuhn and Dianne Thackery, Assistant Public Defenders, for the appellant, Claude Phillips.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; William L. Gibbons, District Attorney General; and Colin Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was involved in an incident at a Sears store located in the Hickory Ridge Mall in Memphis. The defendant removed a box of merchandise from the store and tried to return the item to a different Sears location.  The second Sears location notified the Hickory Ridge location that someone had attempted to return the merchandise.

John Lee, a Sears security manager, testified that he reviewed surveillance videotape from the store and saw the defendant get out of a vehicle, enter the store, and leave with a white box containing a mosquito fogger. No alarm was attached to the merchandise. A search of the store revealed an empty spot on the shelf where the item had been. This item was the only one in the system and had been on the shelf for some time.

When the defendant attempted to return the merchandise at the original location, it was discovered that the store number and shipping number on the item matched the item missing from the inventory. The security manager confronted the defendant. The defendant refused to go to the office after being confronted, armed himself with a box cutter, took the merchandise from behind a register, and exited the store. The defendant told the security manager that he was leaving with the merchandise and threatened to cut anyone that tried to follow or stop him. When he noticed employees following him to the parking lot, the defendant dropped the merchandise and ran toward the security manager. Police arrested the defendant while he was still in possession of the box cutter.

During the security manager's testimony, several photographs were admitted into evidence including photographs of the merchandise, the defendant holding the merchandise, and the defendant returning the merchandise. There was also a photograph admitted into evidence showing the security manager with his hand up while the defendant is behind the register. The security manager said that he had his hand up because the defendant had the box cutter in his hand. The final photograph admitted into evidence depicted the defendant exiting the store with the merchandise in his hand while he was approached by Susan Sadler.

Susan Sadler, the Sears district security manager, also testified that the defendant threatened her with a box cutter when she tried to detain him.

Officer Charles Winbush of the Memphis Police Department testified that he was on patrol on May 24, 2006, when he received a call that a man had stolen some merchandise and tried to return it the same day to get a refund. When he arrived at the store, the defendant was kicking the door. He assisted in detaining the defendant and found a box cutter in one of his pockets.

Detective Josh Robinson of the Memphis Police Department testified that while he was on patrol on May 24, 2006, he received a call that officers were holding a prisoner at a Sears. Robinson arrived on the scene to find Officer Winbush who gave him a box cutter, a DVD, and the defendant to transport to the jail at 201 Poplar. He transported the defendant to the jail for processing and took the evidence to the property evidence storage room.

Officer Paul Neely of the Memphis Police Department testified that he came into contact with the defendant on May 25, 2006, while investigating the aggravated robbery case. He advised the defendant of his rights before they spoke about the events at Sears. The defendant acknowledged that he had a box cutter at the Sears and characterized the events as an "incident" rather than a robbery. The defendant said that Sears got the property that was taken and that he got "a lot of trouble." The defendant told the officer that he went into the Sears with a friend and took the merchandise out of the store. He then tried to exchange it for a gift card. He told the officer that they tried to exchange it at a different store but were referred back to the Hickory Ridge Mall location. He took the box to the lawn and garden section of the store. The clerk asked if the merchandise was used or damaged, and the defendant said he used his box cutter to show that the fogger was in good condition. He told the officer that until loss prevention intervened, he was under the impression that he was going to get a gift card.

The officer testified that the defendant told him he removed the fogger from behind the counter and took it outside. The defendant told him that he tried to go back in the store but the doors were locked. He said that he kicked at the doors until the police arrived and placed him under arrest. The defendant further stated, "I know this wasn't no robbery. I had a box cutter and took the fogger, but it wasn't no robbery."

The defendant was convicted of aggravated robbery, a Class B felony, and of the aggravated assault of Susan Sadler, a Class C felony. He was sentenced to twenty years as a Range II, multiple offender for the Class B felony and to fifteen years as a Range III, persistent offender for the Class C felony, with the sentences to run consecutively.

Analysis

On appeal, the defendant argues that the evidence was insufficient to support his convictions. In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. *State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the State is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Id.* This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. *State v. Brewer*, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential

elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994).

Here, the defendant was convicted of aggravated robbery, defined by statute as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear," which is "accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." T.C.A. § 39-13-402 (2005). We also note a recent decision from the Tennessee Supreme Court, *State v. Kevin Swift*, __ S.W.3d __, No. W2007-00673-SC-R11-CD, 2010 Tenn. Crim. App. LEXIS 158, at *8 (Tenn. March 25, 2010), concluding that the temporal proximity between the taking of property and the use of violence or fear is the sole relevant factor in a case of aggravated robbery. The facts underlying the crime in the *Swift* opinion are distinguishable from the facts in the instant case because the taking was complete in *Swift* before the defendant used violence.

In the instant case, the defendant did not deny to the police that he took the merchandise from Sears. The defendant contends on appeal that the offense of theft had already occurred and that he was actually in the process of escaping the store when the act of violence occurred. Our review of the record reflects that the defendant took the same merchandise twice. The first time he took the item, he escaped without the knowledge of the Sears employees. He then returned to the store with the merchandise and tried to exchange it for a store gift card. The defendant relinquished possession of the merchandise to the store employees, who then verified that it was not damaged and that it, in fact, came from the Hickory Hill location. He was approached by the loss prevention agents of the store, and he threatened them with violence, stating that he would cut anyone who tried to stop or follow him. He then retrieved the merchandise from behind the store counter and left the store. He dropped the item in the parking lot and, brandishing a box cutter, approached the employees of the store. This evidence, when considered in the light most favorable to the State, was sufficient to support the defendant's conviction for aggravated robbery. The defendant would not have regained possession of the merchandise without the threat of violence.

The defendant was also convicted of aggravated assault where he intentionally or knowingly caused Ms. Sadler to reasonably fear imminent bodily injury by using or displaying a deadly weapon. T.C.A. § 39-13-102(a)(1)(B). The defendant contends that he was not charged with the aggravated assault of Ms. Sadler. The record reflects that the defendant was charged in three counts, the two for which he was convicted as well as the aggravated assault of Nancy Webb, which was count two of the original indictment. The State dismissed count two of the indictment prior to trial. The trial court renumbered count three to count two to avoid suggesting to the jury that the defendant had been charged with

other crimes. This was done without objection by the defendant. Tennessee Rule of Criminal Procedure 7(b) allows an indictment to be amended at any time before jeopardy attaches if no additional or different offense is charged and no substantial right of the defendant is prejudiced. Because the count was amended prior to the jury being sworn and did not change the charge against the defendant, he was properly convicted of the aggravated assault of Ms. Sadler. The evidence at trial reflected that the defendant brandished the box cutter within two feet of the victim and told the victim that she would be harmed if she tried to follow him. She also testified that she was afraid. The evidence was sufficient to support the defendant's conviction for aggravated assault.

Next, the defendant argues that the trial court improperly imposed consecutive sentences. A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:

(1)     [t]he defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2)     [t]he defendant is an offender whose record of criminal activity is extensive;

(3)     [t]he defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4)     [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5)     [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of [the] defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)     [t]he defendant is sentenced for an offense committed while on probation; or

(7)　　[t]he defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115(b); *see also State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002). Furthermore, in the event the trial court finds that the defendant is a "dangerous offender," it must also determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. *State v. Wilkerson*, 905 S.W.2d 933, 939 (Tenn. 1995).

Here, the record supports the trial court's order of consecutive sentences. The defendant has two prior convictions of felony aggravated assault and two convictions for robbery with a deadly weapon. The defendant also has a number of felony and misdemeanor convictions for theft. Based on the facts of this case and the defendant's criminal history, the trial court believed that he had no hesitation to commit a crime when there was a high risk to human life. The trial court specifically relied on the fact that the defendant pulled a knife after being apprehended. The trial court described the defendant as a professional criminal who has knowingly committed his life to criminal acts as a major source of livelihood and from which society needed to be protected. The record supports the conclusion that the defendant had an extensive record and was a professional criminal and that it did not abuse its discretion in imposing a consecutive sentence.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE